OPINION
This is an appeal from the judgment of the Domestic Relations Division of the Allen County Court of Common Pleas dividing the property of Defendant-Appellant, Susan Kay Tucker (Susan), and Plaintiff-Appellee, Lesley G. Tucker (Lesley).
Lesley and Susan Tucker were married on April 3, 1997. On April 18, 2000, after approximately three years of marriage, Lesley filed for divorce. A final hearing was held on March 10, 2001, at which evidence was presented as to the parties' separate and marital property. The evidence showed that in August of 1995, after the parties to this case became engaged, but before they were married, Susan loaned Lesley $27,000, to pay off some of his premarital debt.[1] (Tr. 84)
Evidence also established that in May of 1998 Susan procured a $49,000 mortgage on her home. Susan testified that she paid several of Lesley's pre-marital debts with the mortgage. (Tr. 125)
Susan further asserted that in March of 1997, she received a $44,000 alimony payment from a former husband and used a portion of this money to pay more of Lesley's premarital bills, totaling $25,360.89.[2] (Tr. 126-128)
The evidence also established that in 1999, both parties cashed in their separate retirement accounts. After taxes, Lesley netted $91,000 and Susan netted $41,000. (Tr. 30) These funds combined were used to pay debts of which $103,466.46 was evidenced by photocopies of checks paid. Susan argues that the majority of these bills were Lesley's separate premarital debt. (Tr. 40) However, one of the bills paid with this money was for $48,256.55 to Union Bank Company, which satisfied the mortgage on the home.
In a judgment entry dated April 18, 2001, the trial court found that the loan that Susan made to Lesley in 1995 was Lesley's separate property and that the present value of his debt owed to Susan on this loan at the time of the hearing was $32,581.75.
The trial court also found that $25,360.89 of the $49,000 mortgage was used to pay Lesley's separate premarital debts. However, the trial court found that this debt was extinguished with Lesley's contribution towards the payment of marital debts totaling, $103,466.46.
Furthermore, the trial court found that after calculating the various credits and debts, Lesley now owed Susan $24,149.40[3] from the 1995 premarital loan. Susan appeals the judgment asserting a single assignment of error.
 The trial court erred and abused its discretion in fashioning the property division in this case.
 Our review of the trial court's division property is guided by the principles set out in Middendorf v. Middendorf (1998), 82 Ohio St.3d 397, 402:
 A trial court has broad discretion in making divisions of property in domestic cases. A trial court's decision will be upheld absent an abuse of discretion. "Abuse of discretion" is more than an error of law or judgment; it implies that the court acted in an unreasonable, arbitrary or unconscionable fashion. If there is some competent, credible evidence to support the trial court's decision, there is no abuse of discretion.
 The trial court in a divorce proceeding shall identify the property as marital or separate and divide the marital property equitably between the parties. R.C. 3105.171. Accordingly, if a party requests that certain property be designated as separate, the burden of proof lies with that party. Wannemacher v. Wannemacher (Dec. 23, 1998), Van Wert App. No. 15-98-13, unreported.
In essence, Susan asserts that aside from the 1995 loan, three sets of bills were paid using three different funds. She claims that her alimony payment of $44,000 paid Lesley's separate debts totaling $25,360.89, that her retirement fund of $41,000 paid several of Lesley's debts in 1999 which totaled $103, 466.46, and that the mortgage taken out on the home worth $49,000 paid some of Lesley's other bills. Irrespective of Susan's claim that she was not given credit for paying Lesley's debts from her alimony payment, the only evidence that Susan presented at the hearing as to the payment of any debts were copies of checks totaling $25,360.89 and checks totaling $103,466.46. Additionally, the trial court expressly stated in its final judgment entry that it did not find credible "what Susan Tucker believes a marital obligation to be as opposed to a separate obligation." Accordingly, as the $25,360.89 debt was extinguished, and the court did not find credible Susan's claim that the debts totaling $103,466.46 were Lesley's separate property, the trial court concluded that Lesley's only remaining debt to Susan extends from the original $27,000 loan from 1995 now reduced to the amount of $24,149.90 as noted earlier.
In sum, we find that there was competent credible evidence to support the trial court's conclusions and division of property. As such, we cannot find that the trial court abused its discretion when it divided Susan and Lesley's property.
For the foregoing reasons, the judgment of the trial court is affirmed.
Judgment affirmed.
WALTERS, P.J., and BRYANT, J., concur.
[1] The loan was to be paid back in two years with interest at 10%.
[2] Lesley maintains that the mortgage was used to pay off $25,360.89 worth of debts while Lesley claims those debts were paid with her alimony payment.
[3] As of 1995, the amount owed for this loan was $32,581.75. However this amount was discounted by the trial court by $10,627.75 to reimburse Lesley for his half of a sum of money that Susan withdrew from a marital account after the couple separated and subsequently used for her own personal use. After discount and with interest between April 1, 2000 and April 1, 2001 the total debt that remained was $24,149.90.